UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JESSE MARTINEZ,

                            Plaintiff,

         -against-

VISITING NURSE SERVICE OF NEW YORK and
LUIS FONSECA, *Individually*.

                            Defendants.
---------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, JESSE MARTINEZ (hereinafter "MARTINEZ"), by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendant VISITING NURSE SERVICE OF NEW YORK (hereinafter "VISITING NURSE") and Defendant LUIS FONSECA, *Individually* (hereinafter "FONSECA"), upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, *et seq.* ("ADA") and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **Discriminated against** by his employer solely due to his **Disability and/or perceived disability (Straightening of the Normal Lumbar Lordosis and Multiple Degenerative Disc Disease)** and **in Retaliation for** requesting a reasonable accommodation for his disability and/or perceived disability.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court is proper under 42 U.S.C. §12101 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

law pursuant to 28 U.S.C. §1367.

4. Venue is proper in the District pursuant to 28 U.S.C. §1391(b), as Defendants' principal place of business resides in the Southern District of New York and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which the Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, received October 21, 2014, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff is a resident of the State of New York and County of Kings.

9. That at all times relevant hereto, Defendant VISITING NURSE SERVICE OF NEW YORK ("VISITING NURSE") was and is a domestic not-for-profit corporation duly authorized and existing pursuant to and by virtue of the laws of the State of New York.

10. That at all times relevant hereto, Defendant VISITING NURSE operated an office located at 1250 Broadway, New York, NY 10001.

11. That at all times relevant hereto, Plaintiff was a full-time employee of Defendant VISITING NURSE.

12. That at all times relevant hereto, Defendant FONSECA is an employee of Defendant VISITING NURSE holding the position of Community Events Associate ("CEA") at the

2

aforementioned location wherein the discriminatory conduct took place.

13. That at all times relevant hereto, Defendant FONSECA was and is Plaintiff's supervisor and/or held supervisory authority over Plaintiff. Defendant FONSECA had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

14. At all times material, Defendant FONSECA was and is a resident of the State of New York.

15. At all times material, Defendant VISITING NURSE and Defendant FONSECA are jointly referred to as "Defendants."

## MATERIAL FACTS

16. On or about January 27, 2013, Plaintiff MARTINEZ began working for Defendants as a "Community Events Assistant." Plaintiff earned $18.00 per hour in this capacity.

17. Throughout his tenure Plaintiff was a good employee and qualified for the position that he held.

18. However, upon Defendants' learning that Plaintiff was disabled and/or perceived Plaintiff as disabled, and that Plaintiff was requesting a reasonable accommodation for his disability and/or perceived disability Defendants began discriminating and retaliating against Plaintiff.

19. By way of background, on or about July 15, 2013, Plaintiff sustained a work-related injury to his lower back during the course of his employment with Defendant VISITING NURSE.

20. Plaintiff's injury to his back significantly impaired and limited one or more of Plaintiff's major life activities, including, but not limited to, his ability to work, think and concentrate. Due to this work-related injury, the Plaintiff required additional time off

and/or another accommodation to appropriately recover.

21. As a "Community Events Assistant," Plaintiff's job duties consisted of the following tasks that required manual and non-manual labor: set up tables during the events; put out the necessary ramps to ensure that people could walk into the vans; drive the vans to the scheduled locations for the events; and provide marketing support to Community Liaisons and Enrollment Outreach Coordinators at community events designed to identify, educate and enroll new members to Defendant VISITING NURSE's Choice Health Plans.

22. The aforementioned tasks could have been performed subsequent to Plaintiff's work-related injury if reasonable accommodations were granted by Defendant VISITING NURSE.

23. On or about July 30, 2013, as a result of the aforementioned injury, Plaintiff MARTINEZ's short term disability was approved.

24. On or about July 30, 2013 Plaintiff MARTINEZ approached Ramon, whose last name is presently unknown, and informed him that he was going to be out of work until he received the requisite medical clearance for the work-related injury he sustained.

25. Thereafter, Plaintiff sought medical treatment on or about July 31, 2013 with Dr. Alexandra Etkin at Be Healthy Medical, PC (hereinafter "Be Healthy") located at 1302 Kings Highway, 2nd Floor, Brooklyn, NY 11229. At the conclusion of his medical visit at Be Healthy, Dr. Etkin furnished Plaintiff MARTINEZ with a doctor's note that indicated that he was unfit to return to work on normal duty.

26. Plaintiff gave the note to Defendants. In accordance with his doctor's instructions, Plaintiff did not return to work.

27. On or about August 22, 2013, Plaintiff MARTINEZ informed Defendant FONSECA that Dr. Etkin would approve him to return to work on or about October 23, 2013 without restrictions.

28. Soon thereafter, Dr. Etkin informed Plaintiff MARTINEZ that he had made progress in his recovery, which would allow Plaintiff to return to work on "light duty."

29. **As such, Plaintiff MARTINEZ informed Defendant FONSECA that he could return to work prior to the October date if Defendants provided him with a reasonable accommodation in the form of "light duty." Specifically, the weight which Plaintiff's doctor told him he could lift, was limited to five lbs.**

30. **Plaintiff would have been able to perform the essential functions of his job if Defendants allowed him to work on "light duty" as a reasonable accommodation.**

31. Plaintiff was qualified for, and Defendants had available, positions in which Plaintiff could perform general clerical duties and his job duties of providing "marketing support," such has handing out fliers, while he recovered from his work-related injury. Moreover, Plaintiff could have driven the vans to the scheduled locations, or ridden with other drivers of Defendants to assist them at their locations.

32. Upon information and belief, Defendants routinely allowed another employee and/or driver to accompany drivers to their locations to assist in the performance of job tasks.

33. As such, Defendants could have assigned Plaintiff numerous non-manual tasks that were within his treating physician's "light duty" instructions which would have provided the plaintiff reasonable accommodations for his work-related injury.

34. Upon information and belief, it would not have been an undue burden to Defendants for Plaintiff to return to work on "light duty" and perform only those functions of his job that

fit within the modified light duty schedule, as a reasonable accommodation to Plaintiff.

35. In hopes of returning to work, Plaintiff MARTINEZ contacted Defendant FONSECA via electronic mail on or about September 10, 2013 regarding the availability of his position.

36. In response, Defendant FONSECA informed Plaintiff on or about September 10, 2013 that Plaintiff was still employed with Defendant VISITING NURSE, but Defendants would have to "move forward."

37. While Plaintiff was confused by what Defendant FONSECA meant by "move forward," he would later learn that "moving forward" meant that Defendants would refuse Plaintiff's request for a reasonable accommodation and fill his position with someone else.

38. On or about September 30, 2013, Defendant FONSECA forwarded an email to the Plaintiff stating that he could not hold Plaintiff's position until October 23, 2013 because Plaintiff did not possess a vacant "light duty" position.

39. However, upon information and belief, Plaintiff's position and essential job functions could have been performed within the restrictions Plaintiff voiced to Defendants.

40. Moreover, Defendant FONSECA did not offer an alternative accommodation to Plaintiff or engage in any type of interactive process to determine if there was an accommodation suitable to Defendants that would allow Plaintiff to perform the essential duties of his job.

41. Defendant FONSECA further relayed to the Plaintiff that he would hire a replacement for his position.

42. Out of concern for the status of his employment with Defendants, Plaintiff MARTINEZ contacted Defendants' Human Resources department via email and relayed that he spoke

to Defendant FONSECA, who informed him that his position was filled by another person. Plaintiff also requested guidance with respect to whether or not Defendant FONSECA's aforementioned conduct was within Defendants' policies.

43. However, Defendants' Human Resources department never proffered a response.

44. **On or about September 26, 2013, Defendants terminated Plaintiff MARTINEZ's employment.**

45. Based upon the aforementioned conduct and actions, **it is clear that Defendants discriminated and retaliated against Plaintiff solely due to his disability and/or perceived disability and for requesting a reasonable accommodation.**

46. Plaintiff's condition is an impairment that substantially limits one or more of his major life activities within the meaning of §12102(1)(A) of the ADA.

47. Plaintiff is a qualified individual who can perform the essential functions of his employment with a reasonable accommodation as defined by §12111(8) of the ADA.

48. **But for the fact that Plaintiff was disabled and/or perceived as disabled, and requested a reasonable accommodation for his disability and/or perceived disability, Defendants would not have discriminated against him.**

49. Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful, discriminatory harassment.

50. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights and emotional distress.

51. **Defendants' actions and conduct are intentional and intended to harm Plaintiff.**

52. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53. As a result of Defendants' discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

55. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

56. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

57. As such, Plaintiff has been damaged as set forth herein.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual Defendants)

58. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

59. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

60. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability and/or perceived

disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability and/or regarded as disabled.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendants)

62. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

63. The ADA prohibits retaliation, interference, coercion, or intimidation.

64. 42 U.S.C. § 12203 provides:

   a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or shearing under the chapter.
   b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her or her having exercised or enjoyed, or on account of her or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the chapter.

65. Defendants violated the section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of the Complaint as if more fully set forth herein at length.

67. The New York City Administrative Code §8-107(1) provides that "It shall be an unlawful

9

discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability and/or perceived disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by discriminating against Plaintiff and terminating his employment solely because of his disability and/or perceived disability.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of the Complaint as if more fully set forth herein at length.

70. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under the chapter. . ."

71. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of the Complaint as if more fully set forth herein at length.

73. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under the chapter, or attempt to do so."

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of the Complaint as if more fully set forth herein at length.

76. The New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of the section other than subdivisions one and two of the section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of the section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

      2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate

11

and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

77. Defendants violated the section cited herein as set forth.

## JURY DEMAND

78. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the <u>Americans with Disabilities Act</u> and the <u>New York City Human Rights Law</u>, in that Defendants discriminated against Plaintiff on the basis of his disability and/or perceived disability;

B. Awarding damages to Plaintiff to otherwise make him whole for any losses suffered as a

result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       November 5, 2014

                                      PHILLIPS & ASSOCIATES,
                                      ATTORNEYS AT LAW, PLLC

  &nbsn;                                     */s/ Nicole Welch*
                                      Nicole Welch, Esq.
                                      Marjorie Mesidor, Esq.
                                      *Attorneys for Plaintiff*
                                      45 Broadway, Suite 620
                                      New York, New York 10006
                                      (212) 248-7431

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jesse Martinez<br>3745 Cypress Avenue<br>1st Floor<br>Brooklyn, NY 11224 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-01639 | Mabel Tso,<br>Investigator | (212) 336-3762 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_ (signature)     10-17-14
Kevin J. Berry,                   (Date Mailed)
District Director

Enclosures(s)

cc:  Attn
     Director of Human Resources
     VISITING NURSE SERVICE OF NEW YORK
     1250 Broadway
     7th Floor
     New York, NY 10001

     Nicole Welch, Esq.
     PHILLIPS & ASSOCIATES
     45 Broadway, Suite 620
     New York, NY 10006